IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ASIA BRITTINGHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. ) |
| FIRST CHOICE FOODS, LLC, | ) JURY TRIAL DEMANDED ) ) |
| Defendant. | ) ) ) |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Asia Brittingham ("Plaintiff"), by and through undersigned counsel, and files this Complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against Defendant First Choice Foods, LLC, and shows the Court as follows:

## **JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

**PARTIES**

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Wesley Wong, at 4224 Shackleford Road, Norcross, Georgia 30093.

**FACTUAL ALLEGATIONS**

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

7.

Upon Plaintiff's request, the EEOC issued a "Notice of Right to Sue" on Plaintiff's EEOC Charge, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

9.

Defendant is now, and at all times relevant hereto, has been an employer subject to Title VII.

10.

In July 2022, Plaintiff applied for a truck driver position with Defendant.

11.

Plaintiff was then invited to interview for the position at the end of July.

12.

On July 27, 2022, after the interview was scheduled, Defendant's representative handling the process, Virginia, informed Plaintiff that the owner of

the business saw Plaintiff's application and had stated that because Plaintiff is a woman he would prefer not to interview Plaintiff and the position was better for a guy, given it involved some lifting.

13.

Plaintiff's job interview was cancelled, and she was not hired.

14.

Plaintiff was and is qualified to perform the position for which she applied. Plaintiff was not hired for the position because of her gender (female).

15.

Any reason given for Defendant's failure to hire Plaintiff is pretext for unlawful discrimination, based on gender, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

16.

As a result of Defendant not hiring Plaintiff, Plaintiff has suffered damages, including lost wages and emotional distress.

## CLAIMS FOR RELIEF

## COUNT I

## TITLE VII GENDER DISCRIMINATION

17.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

18.

Plaintiff is a member of a protected class, i.e., she is a woman.

19.

Title VII prohibits Defendant from discriminating against Plaintiff based on gender.

20.

Defendant violated Plaintiff's rights under Title VII by not hiring her due to her protected characteristic. Plaintiff's gender was a determinative factor in Defendant's decision to not offer Plaintiff employment.

21.

Defendant intentionally discriminated against Plaintiff, on the basis of Plaintiff's gender, in violation of Title VII.

22.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

23.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith

24.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff's federally protected rights entitling Plaintiff to punitive damages.

25.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorneys' fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of hire, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted, this 22nd day of August, 2022.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com